**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-4310

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSE ISA PORTILLO,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, District Judge. (1:15-cr-00667-RDB-1)

Submitted: May 5, 2017                                          Decided: May 16, 2017

Before NIEMEYER, AGEE, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James Wyda, Federal Public Defender, Sapna Mirchandani, Appellate Attorney, Greenbelt, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Brian M. Fish, Special Assistant United States Attorney, Matthew J. Maddox, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Isa Portillo pled guilty to unauthorized reentry of a removed alien after a felony conviction, in violation of 8 U.S.C. § 1326(a), (b)(1) (2012), and was sentenced to 24 months' imprisonment. On appeal, he contends the district court erred in applying a 16-level enhancement under the Sentencing Guidelines based on its determination that his prior conviction for the Maryland offense of wearing, carrying, or transporting a handgun qualified as a "firearms offense" under U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A) (2015).

Rather than reviewing the merits of Portillo's challenge to the application of USSG § 2L1.2(b)(1)(A), "we may proceed directly to an assumed error harmlessness inquiry." *United States v. Gomez-Jimenez*, 750 F.3d 370, 382 (4th Cir. 2014) (internal quotation marks omitted). "A Guidelines error is considered harmless if . . . (1) the district court would have reached the same result even if it had decided the [G]uidelines issue the other way, and (2) the sentence would be reasonable even if the [G]uidelines issue had been decided in the defendant's favor." *Id.* (internal quotation marks omitted). We must be "certain that the result at sentencing would have been the same," absent the enhancement. *United States v. Montes-Flores*, 736 F.3d 357, 370 (4th Cir. 2013) (internal quotation marks omitted). Here, the district court plainly stated that it would have imposed the same 24-month sentence even if it had found the USSG § 2L1.2(b)(1)(A) enhancement inapplicable, and thus we may proceed to review Portillo's sentence for substantive reasonableness. *See Gomez-Jimenez*, 750 F.3d at 383.

2

"When reviewing the substantive reasonableness of a sentence, we examine the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *Id.* (alteration and internal quotation marks omitted). We conclude that Portillo's sentence is substantively reasonable, as the district court discussed several § 3553(a) factors, including Portillo's personal history and characteristics, the minimal effect prior punishments had on deterring Portillo's reentry, and the goal of uniformity in sentencing. The court also considered, without objection, the effect of a proposed amendment to the relevant Guideline.

Therefore, we conclude that if there was any error in applying the USSG § 2L1.2(b)(1)(A) enhancement, that error was harmless. Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*